IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CV 150 MR WCM

| | |
|---|---|
| WILLIAM MARK KRINGS ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> AVL TECHNOLOGIES ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on the following motions:

(1) Defendant's Motion to Dismiss ("Motion to Dismiss," Doc. 4);

(2) Plaintiff's "Motion to Enjoin Discrimination by Sex" (Doc. 10);

(3) Plaintiff's "Motion to Enjoin Discrimination by Religion" (Doc. 11);

(4) Plaintiff's "Motion for Intellectual Award" (Doc. 12);

(5) Plaintiff's "Motion for Correction Rule 60(b)(2)(4)(5)(6) Relief from a Judgment or Order and Rule 42(a)(1)(2)(3) Motion for Consolidation" (Doc. 17);

(6) Plaintiff's "Motion for Relief from a Judgment or Order – Motion for Consolidation Retaliation" (Doc. 18); and

(7) Plaintiff's Motion for Default (Doc. 25).

These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636.

1

## I. Relevant Background

Plaintiff William Mark Krings, who is proceeding *pro se*, filed his Complaint on June 8, 2021. Doc. 1.[1]

### A. Defendant's Motion to Dismiss

Defendant filed its Motion to Dismiss, along with a supporting memorandum, on July 1, 2021. Docs. 4, 5.

By Order entered on July 19, 2021, Plaintiff was advised of Defendant's Motion to Dismiss and that if he did not submit a response, the Court may proceed to consider the Motion to Dismiss without hearing from him. Doc. 7.

On July 20, 2021, Plaintiff filed a response. Doc. 8.

### B. Plaintiff's Amendment Motions

On August 5, Plaintiff filed his "Motion to Enjoin Discrimination by Sex" (Doc. 10) and his "Motion to Enjoin Discrimination by Religion" (Doc. 11). On August 6, 2021, Plaintiff filed his "Motion for Intellectual Award" (Doc. 12). This Memorandum refers to these motions collectively as the "Amendment Motions."[2]

---

[1] Plaintiff previously filed a similar case, bearing file number 1:20-CV-259-MR-WCM.

[2] Because the Amendment Motions and the Rule 60 Motions appear to relate to claims Plaintiff has presented or seeks to present, which may impact Defendant's Motion to Dismiss, and further and in view of the undersigned's recommendation, discussed below, the undersigned has issued a Memorandum and Recommendation addressing all of these motions. A separate order will issue with respect to Plaintiff's "Motion to Take Leave for Early Discovery and Continuance." Doc. 23.

Defendant has responded. Doc. 13. Plaintiff has filed what appear to be replies. Docs. 14, 15, 16.

### C. Plaintiff's Rule 60 Motions

On September 3 and 8, 2021, respectively, Plaintiff filed his "Motion for Correction Rule 60(b)(2)(4)(5)(6) Relief from a Judgment or Order and Rule 42(a)(1)(2)(3) Motion for Consolidation" (Doc. 17) and his "Motion for Relief from a Judgment or Order – Motion for Consolidation Retaliation" (Doc. 18). This Memorandum refers to these motions collectively as Plaintiff's "Rule 60 Motions."

Defendant has filed responses in opposition to the Rule 60 Motions. Docs. 19, 20. Plaintiff has made filings that appear to be replies to those responses. Docs. 21, 22.

### D. Plaintiff's Motion for Default

Plaintiff filed his Motion for Default (Doc. 25) on November 2, 2021. Defendant has not yet responded.

## II. Discussion

### A. Defendant's Motion to Dismiss and Plaintiff's Amendment Motions

In the Motion to Dismiss, Defendant argues that Plaintiff's claims pursuant to Title VII for discrimination should be dismissed for lack of subject matter jurisdiction, and that Plaintiff's Complaint does not meet federal

3

pleading requirements and does not allege sufficient facts to support claims for violations of the Age Discrimination in Employment Act and the Americans with Disabilities Act.

Plaintiff's response states, in part, that Plaintiff would like "to qualify Complaint with case references and laws as they might apply to this case." Among other things, Plaintiff requests "21 days to provide requested amplifications in compliance with Rules 8, 10, and 12(e)" and states that he "has an additional 10 Motions to be submitted within this 21 day time frame and before discovery phase begins." Doc. 8 at 6.

Plaintiff's purpose for submitting his Amendment Motions is not entirely clear; these documents, like many of Plaintiff's filings, are somewhat difficult to decipher. Nonetheless, the undersigned notes that to each of the Amendment Motions Plaintiff has attached documents labeled as "Amended Complaints." See Doc. 10-1 ("Amended Complaint for Discrimination in Violation of the Rehabilitation Act and the Americans with Disabilities Act"); Doc. 10-2 ("Amended Complaint – Age Discrimination and Demand for a Jury Trial"); Doc. 10-3 ("Amended Complaint – Emotional Distress, Actionable Tort, Loss of Consortium"); see also Docs. 11-3, 11-4, 11-5.

To the extent Plaintiff's Amendment Motions can be construed as attempts by Plaintiff to amend his Complaint as a matter of right, such filings were not submitted within 21 days after the service of Defendant's Motion to

4

Dismiss, and therefore are ineffective for that purpose. See Fed. R. Civ. Pro. 15(a)(1). Plaintiff has likewise not requested leave to amend his Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Nonetheless, bearing in mind Plaintiff's *pro se* status, and having reviewed all of Plaintiff's filings, the undersigned has concluded that it would be most helpful for the parties and the Court if Plaintiff were directed to file a single, consolidated Amended Complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of this district, including but not limited to Rule 8 which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).

The undersigned notes Defendant's assertion that "Plaintiff's baseless motions in this case have demanded countless hours of counsel's time in an attempt to interpret and respond." Doc. 19 at 2. On at least one occasion, Defendant has also requested that attorney's fees and costs be taxed against Plaintiff. Doc. 20 at 2 (in relation to Plaintiff's Motion for Relief from a Judgment or Order – Motion for Consolidation Retaliation).

Directing Plaintiff to file an Amended Complaint will necessarily require Defendant to respond further to Plaintiff's pleadings. Nonetheless, the undersigned believes that this handling provides the most fair and efficient process by which Plaintiff's claims may be presented and considered.

Consequently, the undersigned will recommend that Plaintiff be directed

to file a single, consolidated Amended Complaint which includes a short and plain statement setting out all of his claims,[3] that Defendant's Motion to Dismiss be denied without prejudice, and that Plaintiff's Amendment Motions be denied as moot.

### B. Plaintiff's Rule 60 Motions

Through his Rule 60 motions Plaintiff appears to 1) seek leave to "correct an error of naming" in one of his Amendment Motions (Doc. 17) and 2) request that a claim for retaliation that was filed in his previous case be "reactivated" (Doc. 18).

Plaintiff's request to amend one of his Amendment Motions will be moot if the Amendment Motions are denied as recommended.

Further, Plaintiff has provided no persuasive authorities to support the proposition that a claim made in a previous case, which was subsequently

---

[3] The undersigned notes that although, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted), the court cannot ignore a clear failure to allege facts which set forth a cognizable claim and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed"); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the *pro se* plaintiff). Accordingly, Plaintiff is advised that, in the event the undersigned's recommendation is adopted, Plaintiff should endeavor to file an Amended Complaint that states his contentions clearly and plainly.

6

dismissed without prejudice, may appropriately be "reactivated and consolidated" in a later matter. To the extent Plaintiff wishes to assert any claims that do not appear in his current Complaint, if the undersigned's recommendation described above is accepted, Plaintiff will have an opportunity to set forth such claims when filing his Amended Complaint, with Defendant being given a chance to respond to any such claims.

Therefore, the undersigned will recommend that Plaintiff's Rule 60 Motions be denied as moot.

### C. Plaintiff's Motion for Default

In his Motion for Default, Plaintiff "states that Defendant has failed to answer Complaint and that a state of Default has occurred." Doc. 25 at 2. However, Defendant has filed a Motion to Dismiss, and therefore the deadline to file an answer has not run. See Fed. R. Civ. Pro. 12(a)(4); Hudson v. State of N.C., 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a)").

Accordingly, the undersigned will recommend that Plaintiff's Motion for Default be denied.

### III. Recommendation

For the reasons stated, the undersigned respectfully **RECOMMENDS** that:

7

(1) Plaintiff be **DIRECTED TO FILE** a single, consolidated Amended Complaint that substantially complies with the Federal Rules of Civil Procedure and the Local Rules of this district.

(2) Defendant's Motion to Dismiss (Doc. 4) be **DENIED WITHOUT PREJUDICE**.

(3) Plaintiff's "Motion to Enjoin Discrimination by Sex" (Doc. 10), Plaintiff's "Motion to Enjoin Discrimination by Religion" (Doc. 11), and Plaintiff's "Motion for Intellectual Award" (Doc. 12) be **DENIED AS MOOT**.

(4) Plaintiff's "Motion for Correction Rule 60(b)(2)(4)(5)(6) Relief from a Judgment or Order and Rule 42(a)(1)(2)(3) Motion for Consolidation" (Doc. 17) and Plaintiff's "Motion for Relief from a Judgment or Order – Motion for Consolidation Retaliation" (Doc. 18) be **DENIED AS MOOT**.

(5) Plaintiff's Motion for Default (Doc. 25) be **DENIED**.

Signed: November 8, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).