IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21 CV 150 MR WCM

| | | |
|---|---|---|
| WILLIAM MARK KRINGS | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| V. | ) | |
| | ) | |
| AVL TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's "Motion to Take Leave for Early Discovery and Continuance" (the "Motion," Doc. 23).

I. Relevant Background

Plaintiff William Mark Krings ("Plaintiff"), who is proceeding *pro se*, filed his Complaint on June 8, 2021. Doc. 1.

On July 1, 2021, Defendant AVL Technologies, Inc. ("Defendant") filed a Motion to Dismiss. Doc. 4. In addition to filing a response to that Motion to Dismiss, Plaintiff has filed numerous other motions.[1]

---

[1] The undersigned has issued a separate Memorandum and Recommendation with respect to (1)Defendant's Motion to Dismiss (Doc. 4); (2) Plaintiff's "Motion to Enjoin Discrimination by Sex" (Doc. 10); (3) Plaintiff's "Motion to Enjoin Discrimination by Religion" (Doc. 11); (4) Plaintiff's "Motion for Intellectual Award" (Doc. 12); (5) Plaintiff's "Motion for Correction Rule 60(b)(2)(4)(5)(6) Relief from a Judgment or Order and Rule 42(a)(1)(2)(3) Motion for Consolidation" (Doc. 17); (6) Plaintiff's

1

On October 12, 2021, Plaintiff filed the instant Motion. Doc. 23. Defendant has filed a response in opposition, Doc. 24, and Plaintiff has filed a "Notice to Not File a Counter Brief to Defenance's [sic] Response Re: Motion to Take Leave for Early Discovery" (the "Notice," Doc. 26).

II. Discussion

In his Motion, Plaintiff states that he has "approached the U S Attorney's Office…requesting consideration for Criminal Prosecution referencing this Case Number," has "contacted the FBI Charlotte, NC to instigate Criminal Process," and asks for "Time, Continuance to allow Early Discovery via Criminal Process." Doc. 23 at 2.

To the extent Plaintiff seeks leave to conduct early discovery in this matter, Plaintiff has not established that early discovery is appropriate. See Teamworks Innovations, Inc. v. Starbucks Corporation, 1:19CV1240, 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (applying good cause/reasonableness standard) (citing 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed. & Aug. 2019 Update)).[2] Accordingly, to the extent

---

"Motion for Relief from a Judgment or Order – Motion for Consolidation Retaliation" (Doc. 18); and (7) Plaintiff's Motion for Default (Doc. 25).

[2] To the extent this Motion is related to Plaintiff's Motion for Default, the Motion for Default has been addressed in the undersigned's separate Memorandum and Recommendation. See Doc. 26 (Plaintiff's Notice in which Plaintiff directs the court to Plaintiff's Motion for Default).

2

Plaintiff seeks leave to conduct early discovery beyond that expressly allowed by the Federal Rules of Civil Procedure, the Motion will be denied.

Further, to the extent Plaintiff is seeking a general continuance or stay based on his requests for one or more criminal investigations, Plaintiff has likewise not provided any basis for granting such relief. The current record does not indicate that any actual investigation has been opened or charges brought, and it is not otherwise apparent that this matter should be stayed.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Take Leave for Early Discovery and Continuance" (the "Motion," Doc. 23) is **DENIED**.

Signed: November 8, 2021

W. Carleton Metcalf
United States Magistrate Judge