# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:21-cv-00150-MR-WCM

| | |
|---|---|
| WILLIAM MARK KRINGS,       )  | |
|                            )  | |
|     Plaintiff,             )  | |
|                            )  | |
| vs.                        )  | **O R D E R** |
|                            )  | |
| AVL TECHNOLOGIES,          )  | |
|                            )  | |
|     Defendant.             )  | |
| _____ )  | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 2]; the Magistrate Judge's Memorandum and Recommendation [Doc. 41] regarding the disposition of that motion; the Plaintiff's "Motion to Correct Mistake," which the Court construes as a motion to amend [Doc. 43]; the Plaintiff's "Answer and Objections to: Memorandum and Recommendation" [Doc. 44]; the Plaintiff's "Motion to Strike Defendant's Response" [Doc. 47]; and the Plaintiff's "Motion for Inclusion of Prima Facie Case and Complaint" [Doc. 49].

I.  **BACKGROUND**

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate

Judge, was designated to consider the Defendant's motion and to submit a recommendation for its disposition. On September 16, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's motion be granted and that the Plaintiff's Amended Complaint be dismissed. [Doc. 41]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. On October 3, 2022, the Plaintiff filed his "Motion to Correct Mistake," in which he appears to seek leave to file a "reformatted and consolidated" second amended complaint incorporating certain documents that he had attached to his original complaint.[1] [Doc. 43]. On October 5, 2022, the Plaintiff filed his "Answer and Objections" to the Memorandum and Recommendation. [Doc. 44]. On October 18, 2022, the Plaintiff filed the "Motion to Strike Defendant's Response" [Doc. 47] and the "Motion for Inclusion of Prima Facie Case and Complaint" [Doc. 49].

---

[1] On September 23, 2022, the Plaintiff also filed a copy of a letter, directed to the United States Department of Justice (DOJ), asking the DOJ to affirm the existence of a DOJ letter designating certain conduct as hate crimes. [Doc. 42]. This letter does not address the Memorandum and Recommendation in any fashion, nor does it seek any affirmative relief from this Court. Accordingly, the Court will not address this letter further.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. DISCUSSION

In his "Motion to Correct Mistake," the Plaintiff requests leave to file an amended complaint which would incorporate various documents that he had submitted in support of his original Complaint. [Doc. 43]. The Plaintiff appears to reiterate this request in his "Motion for Inclusion . . . ." [Doc. 49].

3

The Plaintiff's request for leave to amend his Complaint is denied. The Plaintiff had already been given leave to file an amended complaint in response to the Defendant's first Motion to Dismiss. [See Doc. 27: M&R at 7-8 (recommending Motion to Dismiss be denied without prejudice and the Plaintiff be given an opportunity to file a single, consolidated Amended Complaint); Doc. 32: Order Accepting M&R]. After the Plaintiff filed his Amended Complaint, the Defendant renewed its Motion to Dismiss. That Motion was then referred to the Magistrate Judge for a memorandum and recommendation. The Magistrate Judge engaged in a thorough analysis of the Plaintiff's claims and the factual allegations made in support thereof. The Plaintiff cannot now attempt to circumvent the Magistrate Judge's recommendation by seeking to amend his Complaint for a second time. See Kotsias v. CMC II, LLC, No. 1:15-CV-00242-MR-DLH, 2016 WL 7384594, at *1 (W.D.N.C. Dec. 20, 2016); Bailey v. Polk County, No. 1:10-CV-00264, 2011 WL 4565449, at *4 (W.D.N.C. Sept. 29, 2011). Allowing such amendment would reduce the Magistrate Judge's Memorandum and Recommendation to nothing more than an advisory opinion to assist the

4

Plaintiff through the pleading stage.[2]  Accordingly, the Plaintiff's request to amend his Amended Complaint further [Doc. 43, 49] is denied.

Turning now to the Memorandum and Recommendation, the Plaintiff's Objections to the Memorandum and Recommendation were due no later than October 3, 2022.  See Fed. R. Civ. P. 72(b)(2) (providing for 14 days for objections); Fed. R. Civ. P. 6(d) (adding three days to deadline when service is made by mail).  Thus, the Objections were not timely filed.[3]  Nevertheless, the Court will consider the Plaintiff's untimely Objections in reviewing the Memorandum and Recommendation.

After a careful review of the Memorandum and Recommendation, and the Plaintiff's Objections thereto, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law.  Accordingly, the Court denies the Plaintiff's motion to

---

[2] Even if the Court were to entertain the Plaintiff's motion to amend, the Plaintiff has not submitted a proposed Second Amended Complaint.  Instead, he proposes incorporating the substance of various documents submitted in support of his original Complaint.  Such piecemeal amendments of pleadings, however, are not permitted.  In any event, the documents that the Plaintiff wishes to incorporate into an amended pleading merely restate the factual allegations already made in his First Amended Complaint in support of his ADEA and ADA claims.  As such, any amendment would be futile.

[3] The Plaintiff moves to strike the Defendant's Response to his Objections for arguing that his Objections were not timely filed.  The Plaintiff's Motion to Strike [Doc. 47] is denied.

amend, overrules the Plaintiff's Objections, and accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's "Motion to Correct Mistake" [Doc. 43] and the Plaintiff's "Motion for Inclusion of Prima Facie and Complaint" [Doc. 49], which the Court construes as motions to amend, are **DENIED**;

(2) The Plaintiff's "Motion to Strike Defendant's Response" [Doc. 47] is **DENIED**;

(3) The Plaintiff's "Answer and Objections" [Doc. 44] are **OVERRULED**;

(4) The Magistrate Judge's Memorandum and Recommendation [Doc. 41] is **ACCEPTED**;

(5) The Defendant's Motion to Dismiss [Doc. 34] is **GRANTED**; and

(6) The Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to close this civil case.

**IT IS SO ORDERED.**

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge